# IN THE COURT OF APPEALS OF IOWA

No. 21-1342
Filed February 16, 2022


**IN THE INTEREST OF R.M. and H.M.,**
**Minor Children,**

**S.M., Mother,**
     Appellant.
_____


     Appeal from the Iowa District Court for Marion County, Steven Guiter, District Associate Judge.


     A mother appeals the termination of her parental rights to her children.
**AFFIRMED.**


     Nicholas Einwalter, Des Moines, for appellant mother.

     Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

     William E. Sales III of Sales Law Firm, P.C., Des Moines, attorney and guardian ad litem for minor children.



     Considered by Bower, C.J., Chicchelly, J., and Danilson, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**DANILSON, Senior Judge.**

A mother appeals the termination of her parental rights to her twin children, R.M. and H.M., born in 2020. She contends the State failed to prove the grounds for termination cited by the juvenile court and termination was not in the children's best interests. Upon our review, we affirm.

## I.    *Background Facts and Proceedings*

This family came to the attention of the Iowa Department of Human Services in October 2020, when the children tested positive for a benzodiazepine, which the mother was not prescribed, at their birth. The mother reported a history of methamphetamine use. She indicated to hospital staff "that the devil was speaking to her and told her that her son was bad and her baby girl was good," and she attempted to give her son a name reflecting that belief. The children were removed from the mother's care, adjudicated in need of assistance, and placed in foster care where they have remained.[1]

Due to the mother's instability, lack of engagement in mental-health services, and continued substance abuse, the department filed a petition to terminate parental rights. The termination hearing took place in September 2021. By that time, the children had been removed from the mother's care for nearly one year, the entirety of their lives. The mother indicated she had been living in California,[2] but that family members purchased a plane ticket for her to come back to Iowa for the "court date" "to have [her] kids back in [her] life." She testified she

---

[1] The father has never met the children.
[2] The department caseworker testified she was unaware the mother had moved to California.

had been diagnosed as "bipolar, paranoid schizophrenic"; she had not seen a mental-health provider since "April or May"; and she had been off her medications for "five months." The mother testified she last used methamphetamine "five months ago," but caseworkers "felt she was under the influence" as recently as June. The mother had not complied with a requested drug screen in April, and she was not engaged in recommended substance-abuse treatment. But for a visit on the day before the termination hearing, the mother had last seen the children in June.

Following the hearing, the juvenile court entered an order terminating parental rights.[3] The mother appealed.[4]

## II. Standard of Review

Appellate review of termination-of-parental-rights proceedings is de novo. *A.B.*, 957 N.W.2d at 293. Our paramount concern in termination proceedings is the best interests of the children. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019).

---

[3] The parental rights of father were also terminated, and he did not appeal.

[4] The mother's notice of appeal was filed on September 24, 2021—sixteen days after the juvenile court's September 8, 2021 decision. *See* Iowa R. App. P. 6.101(1)(a) (providing that a notice of appeal in termination cases must be filed within fifteen days after a final order or judgment). The State asks us to dismiss the mother's appeal, pointing out that counsel did not provide any reason the notice of appeal was not timely filed. The supreme court has "recognized the need for delayed appeals in termination proceedings to protect a parent's constitutionally-based interests." *In re W.T.*, 967 N.W.2d 315, 321 (Iowa 2021); *accord In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). And the court has further stated, "Whether counsel has a good reason, a bad reason, or no reason at all for failing to timely file a notice of appeal makes no difference to the parent who just lost the chance to appeal the juvenile court's termination decision." *W.T.*, 967 N.W.2d at 319–20. Considering these directives, we choose to allow the mother's appeal. *See A.B.*, 957 N.W.2d at 293 ("We simply cannot let the significant rights at stake be outweighed by the negligible delay involved here."). We also observe the mother signed an amended notice of appeal pursuant to the order entered in these proceedings on January 12, 2022.

### III. Discussion

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(b), (e), and (h) (2021). We may affirm the termination order if the record supports termination on any one of those grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We elect to focus on section 232.116(1)(h).[5] With regard to that section, the mother only challenges the fourth element, which is satisfied when the State establishes the children cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We conclude the children could not be safely returned to the mother's care. At the termination hearing, the mother acknowledged the children should "maybe not" come home to her "today," but she asked if the court "could just give [her] a little more time to prove that [she] really want[s] [her] kids in [her] life." The mother stated she had gone nearly two months without seeing her children and she had only been "back from California" for "a week." The mother agreed she was not on medication "despite [her] mental health diagnos[e]s"; she did not have her housing or employment; and that she had not "done anything during this case that would lead anyone to believe [she was] capable of stepping up [to care for the children]." Given these facts and circumstances, we conclude the mother's parental rights were properly terminated under section 232.116(1)(h).

---

[5] There is a question whether the mother has preserved a challenge to the statutory grounds for termination. Although she frames her argument as a challenge to termination pursuant to section 232.116(1)(e), the substance of her claim relates to section 232.116(1)(h). In any event, we proceed to the merits.

The mother also contends termination was not in the best interests of the children because an additional six months would "be enough time to reunify."[6]  In determining best interests, our primary considerations are "the child[ren]'s safety," "the best placement for furthering the long-term nurturing and growth of the child[ren]," and "the physical, mental, and emotional condition and needs of the child[ren]."  *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  Initial concerns in this case included the mother's drug use, mental-health diagnoses, and parenting capacity.  By the time of the termination hearing in September 2021, the mother had made virtually no progress in any of these areas.  The department caseworker agreed, "[W]e are literally at the exact same spot today as we were on the day these children were removed as it relates to Mom's mental health and substance abuse issues [and] instability."  The caseworker could not "imagine any scenario whatsoever that an additional six months would make any difference" in this case.  The caseworker further testified the children did not have "any type of attachment or bond" with the mother and the children were "fully integrated" into a pre-adoptive home.  The guardian ad litem also believed termination was in the children's best interests, opining the mother had "really do[ne] nothing to address [her mental health] when this case has been open as long as it has and . . . she simply hasn't been engaged [and] she has essentially abandoned these children."

Upon our review, we find termination of the mother's rights to be in the children's best interests and no permissive statutory exception should be applied

---

[6] The mother also mentions that the children are "in the legal custody of a family member," but the children have been in foster care since removal.

to preclude termination.  We affirm the decision of the juvenile court to terminate the mother's parental rights.

**AFFIRMED.**